## DONALD PARKER v. STATE.

No. A-7881. Opinion Filed June 6, 1931.
(300 Pac. 324.)

H. S. Samples and Grant Gillespie, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county of the crime of grand larceny, and, after the jury failed to agree upon his punishment, the special judge who tried the case fixed such punishment at imprisonment in the state penitentiary for two years.

The defendant was charged with the larceny of 1,500 feet of ten-inch, forty-pound casing of the value of $1.25 per foot, all of the total value of $1,875, the personal property of the Bettie-Ann Oil Company, a corporation.

The testimony of the state was that the defendant appeared in the town of Weleetka at the filling station of one Volney Hamilton on Sunday evening, December 18, 1927, at about 6 o'clock; that defendant stated he had some oil well casing which he wanted hauled from a location several miles northwest of Weleetka to another location about five miles northwest of the city of Okmulgee; that trucking contractors in the city of Weleetka were called to this filling station, and defendant entered into a contract with them for the removal of the casing on that night; that the night was very cold, and defendant guided the truck drivers to the place where the casing was located, and, after the same was loaded, the defendant again guided them to the place where he desired the casing unloaded, which place was secluded and at the foot of a mountain northwest of the city of Okmulgee; that it required six trucks to remove the casing, and the price agreed upon for the work was $225, and that the bill for the hauling was to be sent to George Parker, at Tulsa,

Okla.; that after the casing had been hauled, the bill was sent to Tulsa, to George Parker, and that no such person was found at Tulsa who had authorized any such contract or had any pipe of such description located in Okfuskee county; that an investigation later resulted in the arrest of the defendant for the larceny of the pipe.

This conviction is based upon conflicting evidence. The evidence of the state shows conclusively that the defendant went to Weleetka, contracted for the hauling of the casing, directed its transportation, and the circumstances show that it was his intention to permanently deprive the owner of the said property.

The evidence of the defendant is to the effect that defendant was at home in the city of Okmulgee at the time this casing was stolen. This alibi was testified to by three or four members of defendant's family and by a couple of intimate friends of the family.

On this conflicting issue of fact the jury accepted the state's evidence as true in preference to that of the defendant, and adopted the state's theory of the case.

The principal contention relied upon by defendant in his brief as ground for reversal is that the evidence is wholly insufficient in law to sustain a conviction.

This contention is based upon two premises: First, that the witnesses for the state are accomplices, and that there is not sufficient corroboration of their testimony.

There is nothing in the evidence of the state to indicate that the witnesses who hauled this pipe had any knowledge that it was being stolen, or had any intent to steal the same or to deprive the owner of the property.

In section 2101, C. O. S. 1921, larceny is defined as:

"Larceny is the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof."

Under this definition of larceny and the evidence of the state's witnesses they were not accomplices.

Under the testimony introduced by the defendant, he had no connection with the taking, and therefore they could not have been accomplices. Mitchell v. Territory, 7 Okla. 527, 54 Pac. 782; Shires v. State, 2 Okla. Cr. 97, 99 Pac. 1100; McSpadden v. Territory, 7 Okla. Cr. 234, 122 Pac. 1105.

There is therefore no merit in the contention of defendant that the evidence is insufficient because based on the testimony of accomplices whose testimony was conflicting and uncorroborated.

Defendant's second contention under this assignment of error is that there is no showing that he ever had possession of the property. It is not necessary that the defendant take actual physical possession of the property. He may take possession and asport the property through innocent agents.

In Sanditen v. State, 22 Okla. Cr. 14, 208 Pac. 1040, this court said:

"An asportation of property feloniously taken is a necessary element of the crime of larceny, but such asportation need not be the physical act of the accused. It is sufficient if the accused procured or directed the asportation."

The other errors complained of are without substantial merit.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.